IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **Battleground Restaurant Group of the Southeast, Inc.** § § § | | |
| Plaintiff, § | | |
| § | **Case No. _____** | |
| v. § | | |
| § | **Jury** | |
| **The Kickback Holdings LLC** § | | |
| § | | |
| Defendants. § § | | |

# PLAINTIFF BATTLEGROUND RESTAURANT GROUP OF THE SOUTHEAST, INC.'S ORIGINAL COMPLAINT

Plaintiff Battleground Restaurant Group of the Southeast, Inc. ("Plaintiff"), by and through its attorneys, files its Original Complaint against Defendant The Kickback Holdings LLC ("Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action against the Defendant for infringement of federally registered trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Plaintiff brings this lawsuit to protect the substantial goodwill it has developed in its distinctive KICKBACK JACK'S word mark and [logo] logo (collectively, the "Kickback Jack's Trademarks"). Plaintiff uses its federally registered trademarks in connection with its operations of restaurants, which have gained a reputation as a source of high-quality restaurant services.

2. The goodwill and reputation for quality that Plaintiff has worked so hard to cultivate is being threatened by Defendant's actions. This lawsuit arises from Defendant's unauthorized use of

the marks **THE KICKBACK**, **THE KICKBACK BBQ CANTINA**, **thekickbackbbq**, and **The Kickback Barbecue Cantina logos** (collectively, the "Infringing Kickback Marks"), which are confusingly similar to the Kickback Jack's Trademarks, in connection with the operation of and providing of restaurant services.  Unless Defendant is enjoined from using the Infringing Kickback Marks, such use will continue to likely cause consumer confusion and will cause irreparable harm to Plaintiff.

3. This action seeks injunctive relief, damages, and other appropriate relief arising from Defendant's willful acts of trademark infringement.

## PARTIES

4. Plaintiff is a corporation organized under the laws of North Carolina, and its mailing address is P.O. BOX 10398, Greensboro, NC 27404.

5. Upon information and belief, Defendant The Kickback Holdings LLC, is a limited liability company organized and existing under the laws of the state of Texas with its principal place of business located at 6505 W Park Blvd Ste 306-343, Plano, Texas 75093.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a, b) because it involves substantial claims arising under the federal Lanham Act.

7. This Court has general personal jurisdiction over Defendant as Defendant is incorporated in and has its principal place of business in the State of Texas.

8. This Court also has specific personal jurisdiction over Defendant since Defendant's acts of infringement of Plaintiff's registered trademarks were committed in the Eastern District of Texas, Sherman Division, within the jurisdiction of this Court. Defendant has advertised its restaurant services under the Infringing Kickback Marks in the State of Texas, specifically, Collin County where it transacts business by providing restaurant services to the public under the Infringing Kickback Marks. Defendant has engaged in substantial activity within the State of Texas and this judicial district and has purposefully availed itself of the privileges of conducting activities in the forum. Defendant has caused injury to Plaintiff within the State of Texas and this judicial district.

9. Venue is appropriate in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (d) because Defendant is subject to personal jurisdiction in this judicial district and deemed to reside in this judicial district for purposes of venue.

10. Venue is also appropriate in this judicial district pursuant to 28 U.S.C. § 1391 (b)(2) as Defendant may be found or transacts business in this district and a substantial part of the events giving rise to Plaintiff's claims occurred and are continuing to occur in this district.

## FACTUAL BACKGROUND

11. Plaintiff is engaged in the business of operating dining concepts dedicated to excellent food, beverages, and hospitable service to provide the very best dining experience for its guests. Plaintiff has provided restaurant services in United States commerce under the mark KICKBACK JACK'S since at least 2009. Since that time, Plaintiff has used the Kickback Jack's Trademarks continuously in United States commerce in connection with restaurant services provided through its operations of restaurants under the Kickback Jack's Trademarks.

12. Plaintiff is the owner of U.S. Trademark Reg. No. 3,826,367 (the "'367 Registration") for the KICKBACK JACK'S word mark. The '367 Registration issued on the United States Patent and Trademark Office's principal register on July 27, 2010, covering "restaurant services" in int'l class 043. A true copy of the '367 Registration is attached as Plaintiff's **Exhibit A**. Plaintiff's right to use this trademark has become incontestable under the provisions of 15 U.S.C. § 1065. A Section 15 declaration of incontestability for the '367 Registration was accepted and acknowledged by the USPTO on July 5, 2016. The '367 Registration is valid and subsisting and has never been cancelled.

13. Plaintiff is the owner of U.S. Trademark Reg. No. 4,854,786 (the "'786 Registration") for the logo (hereafter, the "KICKBACK JACK'S Logo"). The '786 Registration issued on the principal register on November 17, 2015, covering "restaurant services" in int'l class 043. A true copy of '786 Registration is attached as Plaintiff's **Exhibit B**. Plaintiff's right to use this trademark has become incontestable under the provisions of 15 U.S.C. § 1065. A Section 15 declaration of incontestability for the '786 Registration was accepted and acknowledged by the USPTO on May 13, 2022. The '786 Registration is valid and subsisting and has never been cancelled.

14. Plaintiff has invested substantial time, effort, and financial resources in promoting the Kickback Jack's Trademarks in connection with the marketing and sale of its restaurant services. Since the opening of its first restaurant, Plaintiff has expanded to over 20 locations in three states. The Kickback Jack's Trademarks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of

Plaintiff, its quality products, and its goodwill. The consuming public recognizes the Kickback Jack's Trademarks and associates them with Plaintiff.

15. On May 5, 2025, Plaintiff requested in writing that Defendant cease and desist from its infringing actions, but Defendant has not responded to these requests and has failed to comply with them. Plaintiff's letter to Defendant sent via email and FedEx overnight are attached as Plaintiff's **Exhibit C**.

## CAUSES OF ACTION

**Count 1: Federal Trademark Infringement under 15 U.S.C. § 1114(1).**

16. Plaintiff incorporates by reference paragraphs 1-15 of the Complaint inclusive, as though set forth herein.

17. As grounds for relief, Plaintiff alleges federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

18. Notwithstanding Plaintiff's established rights in the Kickback Jack's Trademarks, upon information and belief, Defendant adopted and began using the confusingly similar Infringing Kickback Marks in interstate commerce in connection with the sale and offering for sale of dine-in and take out restaurant services ("Defendant's Services") on approximately October 25, 2024.

19. Upon information and belief, Defendant is providing restaurant services at a brick-and-mortar restaurant located at 5880 State Hwy 121 Ste 103, Plano, TX 75024 (the "Kickback Restaurant"). Upon information and belief, Defendant also owns thekickbackbbq.com domain name and provides online restaurant ordering services for takeout at the website connected to

that domain name. Defendant also advertises the Kickback Restaurant under the Infringing Kickback Marks on its website at thekickbackbbq.com domain name, various social media sites, search engine results, and in advertising media (*e.g.*, local press websites and digital online articles and magazines).

20. Plaintiff's registered Kickback Jack's word mark is depicted below (see Exhibit A for a true copy of the registration):

# KICKBACK JACK'S

21. Plaintiff's registered KICKBACK JACK'S Logo is depicted below (see Exhibit B for a true copy of the registration):



22. Examples of Defendant's Infringing Kickback Marks as it appears on its restaurant building, menu, website, and social media accounts are depicted below:

i.  [Restaurant exterior sign]

ii.  [Website logo]

iii.  [Social media logo]

iv.  [Restaurant patio sign]

v.  [Restaurant interior sign]

vi.  [Restaurant Menu]

vii.  [Instagram page]

23. Without Plaintiff's consent, Defendant has used and continues to use the Infringing Kickback Marks in connection with the sale, offering for sale, and advertising of its restaurant services.

24. Defendant's use of the Infringing Kickback Marks in connection with its restaurant services is confusingly similar to Plaintiff's registered and incontestable Kickback Jack's Trademarks. Each of the Infringing Kickback Marks prominently uses the identical and distinctive term "KICKBACK" that is also the dominant and first portion of each of the Kickback Jack's Trademarks, thereby causing the marks to be similar in sight and sound. Moreover, the

dominant and identical term "KICKBACK" in each mark, as used in connection with restaurant services, suggests or evokes a place with a laid-back and relaxing vibe. As such, the overall commercial impressions between the Infringing Kickback Marks and the Kickback Jack's Trademarks are very similar.

25. Defendant has engaged in its infringing activity despite having constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072 and, upon information and belief, despite having actual knowledge of Plaintiff's use of the Kickback Jack's Trademarks.

26. Defendant's actions are likely to cause consumer confusion and mislead the public into concluding that its services provided under the Infringing Kickback Marks originate with or are authorized by Plaintiff, which will damage both Plaintiff and the public. Defendant's unauthorized use of the Infringing Kickback Marks in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

27. Defendant's acts of infringement will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

28. Plaintiff is entitled to injunctive relief under 15 U.S.C. §§ 1116.

**Count 2: Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a).**

29. Plaintiff incorporates by reference paragraphs 1-28 of the Complaint inclusive, as though set forth herein.

30. As its second ground for relief, Plaintiff alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31. Defendant's unauthorized marketing and sale of its services in interstate commerce in connection with the Infringing Kickback Marks constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates Defendant's services as originating from or connected with Plaintiff. The actions of Defendant constitute the use of false descriptions or representations in interstate commerce, and intentional, willful, knowing, and deliberate unfair competition.

32. Defendant's actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

33. As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of goodwill and Defendant has and will continue to unfairly acquire goodwill.

34. Defendant's acts of unfair competition will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

For these reasons, Plaintiff respectfully prays the Court for the following relief:

i. Judgment declaring that Plaintiff's registered Kickback Jack's Trademarks have been and continue to be infringed by Defendant in violation of 15 U.S.C. § 1114(1);

ii. Judgment finding that Defendant's use of its Infringing Kickback Marks constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a);

 iii. Preliminarily and permanently enjoining and restraining the Defendant and each of its agents, representatives, employees, officers, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using the Infringing Kickback Marks, and the term KICKBACK, with or without its accompanying logo or any other designation, alone or in combination with other words or symbols, as a trademark or trade name component or otherwise, to market, advertise, distribute, or identify Defendant's Services where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's Kickback Jack's Trademarks;

 iv. Judgment granting Plaintiff all such other and further relief as justice may require or as the Court may deem appropriate.

Dated: August 13, 2025

Respectfully Submitted,

/s/ Jerry R. Selinger

Jerry R. Selinger
Attorney In Charge
Texas Bar No. 18008250
Jselinger@pattersonsheridan.com
David. C. Huang
Texas Bar No. 24089061
Dhuang@pattersonsheridan.com

**Patterson + Sheridan, LLP**
1700 Pacific Ave., Suite 2650
Dallas, TX 75210
Phone: (214) 272-0957
Facsimile: (713) 623-4846

*Attorneys for Plaintiff*
*Battleground Restaurant Group of the Southeast, Inc.*